THE AMERICAN ARBITRATION ASSOCIATION
Commercial Arbitration Tribunal

In the Matter of Arbitration between

**CHOICE HOTELS INTERNATIONAL, INC.,**

    Claimant,

v.

**PATCO ENTERPRISES OF HAVELOCK, LLC & RAJENDRA PATEL,**

    Respondents.

Case # 01-15-0002-7742

Administrator: Frances Crusoe

Arbitrator: Elliot H. Shaller, Esq.

## DECISION AND AWARD

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the parties, and dated September 19, 2007, and having been duly sworn and the oral hearings having been waived in accordance with the Rules, and having fully reviewed and considered the written documents submitted to me by Choice Hotels International, Inc., represented by Stuart Kreindler and the ex parte Respondents having failed to submit documents after due notice by mail in accordance with the Rules, hereby AWARD as follows:

This Decision and Award rules on a Motion for Judgment filed by Claimant seeking judgment in its favor on its claim that Respondent defaulted and breached a franchise agreement, and for an award of damages, fees and costs. For the reasons discussed below, I am persuaded that the Claimant's Motion should be granted.

**Procedural Background**

On or about February 27, 2015 Claimant, Choice Hotels International, Inc. ("Choice"), filed a Demand for Arbitration with the American Arbitration Association ("AAA") seeking damages from Respondents, Patco Enterprises of Havelock, LLC and Rajendra Patel ( "Respondents"), for their alleged default on and failure to pay fees owing under a franchise



agreement. Respondents did not submit an Answer to the Demand. On April 21, 2015 I was appointed to serve as arbitrator in the matter.

The AAA Administrator scheduled a telephonic pre-hearing conference ("PHC") for May 15, 2015 and informed the parties of the conference by letter dated May 8. Counsel for Choice and I called in for the PHC at the scheduled time, but neither Respondent nor any representative for either or both of them did. I ruled that the PHC should not proceed at that point in the absence of the Respondents and that another one should be scheduled.

The second telephonic PHC was scheduled for May 26, 2015. At my request the notice that the AAA Administrator sent to the parties about this PHC stated that "this conference call will proceed in the absence of the Respondent, therefore attendance is strongly recommended." Counsel for Claimant and I called in at the scheduled time but neither Respondent nor any representative did. At my request I asked the Administrator to see if she could reach the Respondents by calling the telephone numbers she had on file and, if she did, invite them to join the conference call. The Administrator advised that no one answered when she placed these calls.

The PHC then proceeded on an ex parte basis. Counsel for Choice maintained that the matter was relatively straightforward, a hearing was not necessary, and the case could be decided based on a written motion and any response thereto. I ruled that a hearing need not be scheduled at that time but if and when any or all of the Respondents appeared and asserted that there should be a hearing, or one appeared necessary based on whatever motion Choice may file, the question of whether a hearing should be scheduled would be revisited. This ruling was set forth in a written Scheduling Order that was sent to the parties on June 4, 2015.

Claimant filed its Motion for Judgment and a supporting Memorandum on July 21, 2015. Respondents have not submitted a response to the motion or otherwise made an appearance. The record was closed on July 29, 2015.

**The Merits**

The following statement of facts is based on the representations set forth in Respondent's Motion and Memorandum and the documentary evidence attached thereto. As the documentary evidence appears reliable and supports the facts as alleged by Choice, and Respondents have introduced no evidence refuting these alleged facts, they are deemed to be undisputed for purposes of ruling on the Motion.

In September 2007 the parties entered into a Franchise Agreement ("the Agreement") pursuant to which Respondents (individually, jointly and severally) would operate a Quality Inn Hotel in Havelock, North Carolina. The Agreement provided, among other things, that Choice would give Respondents a license to use Choice Quality Inn marks and that Respondents would pay Choice various monthly fees, and interest of 1.5% per month on unpaid amounts, but not more than maximum permitted under applicable law. The Agreement contained a liquidated damages provision addressing how damages would be calculated and stating that Respondents acknowledged that it represented a "reasonable estimate of our probable loss resulting from your breach of the Agreement." The Agreement stated that Choice had the right to terminate it for, among other things, non-payment of fees, provided it gave notice of default that afforded Respondents at least a ten-day period to cure. Further, the Agreement provided that it would be interpreted under the substantive law of Maryland and included the following alternative dispute resolution provision:

> . . . [A]ny controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The arbitrator will apply the substantive laws of Maryland. . . . If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear.

Another paragraph in the Agreement stated that "[t]he . . . prevailing party . . . in any arbitration . . . will recover from the other party the reasonable expenses of its attorneys in bringing the proceeding . . . along with any . . . arbitration costs [and] arbitrator fees."

3

On November 29, 2012 Choice sent a Notice of Default to Respondents asserting that they had failed to pay various fees due and owing under the Agreement. Attached to the Notice was a detailed statement of each such fee. Further, the Notice stated that the outstanding fees had to be paid within ten days and, if not, Choice may terminate the Agreement and purse legal action for damages.

On April 25, 2013 Choice sent a Notice of Termination to Respondents stating that they had not cured the defaults set forth in prior Notice and, therefore, the Agreement was being terminated for good cause. The Notice asserted that Respondents owed Choice various fees and damages for lost profits in the total amount of $173,179.58.

In its Motion Choice alleges that Respondents currently owe it $66,831.72 in fees and $34,959.73 in interest, calculated based on the 1.5% per month provided for in the Agreement. Choice asks to be awarded the total amount of $101,791.45 as liquidated damages, as well as the expenses it has incurred in this arbitration.[1]

Based on these undisputed facts, it is apparent that under the Agreement Respondents were required to pay Choice various franchise and other fees. The Agreement further provided that if Respondents failed to pay these fees, Choice was entitled to terminate the Agreement and seek to recover them as well as liquidated damages.[2]

By the introduction into the record of the documentary evidence that Choice submitted with its Motion, the reliability and accuracy of which has not been challenged in any way, Choice has shouldered its burden of proving by a preponderance of the evidence that Respondents defaulted on their obligation to pay it various fees under the Agreement. The documentary evidence further supports Choice's calculation of the amount of outstanding fees, and interest,

---

[1] Choice has not stated in its Motion why the amount it asks to be awarded in this arbitration differs from the amount it claimed in the Notice of Termination. It appears that it may no longer be seeking to recover in this arbitration its claim for damages to lost profits.

[2] Under Maryland law a liquidated damages clause is enforceable if it is a reasonable estimate of just compensation at the time the agreement was made. *See Choice Hotels Intern., Inc. v. Chewl's Hospitality, Inc.*, 91 Fed. Appx. 810, 817, 2003 WL 22961190 (2003)

4

that it asks to be awarded.

Additionally, as the "prevailing party in this arbitration, under paragraph 16 of the Agreement, Choice is entitled to recover the costs it has incurred in connection with the arbitration, including the arbitrator's fees (but not including its attorney's fees).

This decision is further supported by the provision in the Agreement stating that "[i]f any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear." However, this Award is not based solely on Respondents' failure to appear but is primarily grounded on the evidence in the record as discussed above.

**Award**

For the foregoing reasons: 1) Choice's Motion for Judgment is granted; 2) Respondents are, jointly and severally, liable to and shall pay Choice damages in the amount of $101,791.45; and 3) Respondents are, jointly and severally, liable to and shall reimburse Choice for the administrative fees it has paid the AAA totaling $1,750.00 and shall reimburse Choice for the arbitrator's fee that will be owed in the amount of $2,887.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Choice.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

I, Elliot H Shaller, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

September 2, 2015

*Elliot H. Shaller*

Elliot H. Shaller, Esq.
Arbitrator